**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ANGELINA ORNELAS,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **EP-26-CV-02624-KC-ATB** |
| | § | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**REPORT AND RECOMMENDATION**
**REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS***

Before the Court are Plaintiff Angelina Ornelas's "Motion to Proceed *in Forma Pauperis*" (ECF No. 1) filed on October 22, 2026. In his underlying complaint attached to the First Application, Plaintiff appeals, pursuant to 42 U.S.C. § 405(g), from the final decision of the Commissioner of the Social Security Administration denying her claims for disability benefits and/or supplemental security income. Pursuant to 28 U.S.C. § 636 and the Honorable District Judge Kathleen Cardone's standing order,[1] the case was referred to the undersigned Magistrate Judge for a report and recommendation.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing [fees]." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters"; rather, "it is a privilege extended to those unable to pay filing fees." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) (internal quotes omitted) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).

[1] *See* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Regarding-Civil-Case-Assignments.pdf.

Under § 1915(a)(1), "the commencement or filing of the suit depends solely on whether the [plaintiff] is economically eligible." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). To establish eligibility, the plaintiff must "submit[] an affidavit that includes a statement of all assets [the plaintiff] possesses that the person is unable to pay such fees," 28 U.S.C. § 1915(a)(1). Therefore, "[t]he only determination to be made by the court under § 1915(a) . . . is whether the statements in the affidavit satisfy the requirements of poverty." *Watson*, 525 F.2d at 891.

That determination turns on "whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Crim. Just.*, 70 F.3d 1268, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3) (citing *Adkins v. E.I. Du Pont de Nemours & Co*., 335 U.S. 331, 339–40 (1948)). In addressing that question, courts consider the plaintiff's present assets, periodic income together with his spouse's periodic income, and periodic expenses, as well as whether the expenses are discretionary or mandatory. *Roden v. Texas*, 58 F.3d 636, 1995 WL 371022, at *2 (5th Cir. June 2, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3); *Fuller v. Kijakazi*, No. EP-22-CV-133-FM-MAT, 2022 WL 20742561, at *1 (W.D. Tex. Apr. 28, 2022) (considering the combined income of the applicant and her spouse).[2] In addition, courts "look to where the [plaintiff's] reported income is in relation to applicable poverty guidelines" published by the U.S.

---

[2] *See also, e.g.*, *Smith v. Comm'r of Soc. Sec*., No. 3:23-CV-417-TSL-MTP, 2023 WL 5034152, at *1 n.1 (S.D. Miss. July 6, 2023) ("In considering an [*in forma pauperis*] application, the [c]ourt may consider the total monetary resources available to assist [the plaintiff] and it is appropriate to consider a spouse's income." (internal quotes omitted)); *Pryor v. J.B. Hunt Transp. Servs., Inc*., No. 3:23-CV-226-MPM-RP, 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses.").

Department of Health and Human Services. *Faraoni v. Veterans Admin.*, No. WA-24-CV-00040-ADA-JCM, 2024 WL 1301224, at *1 (W.D. Tex. Jan. 22, 2024) (collecting cases).

In the Western District of Texas, the fee for filing any civil action, suit, or proceeding is $405.[3] Together with her motion, Plaintiff filed a standard-form (AO 239) application, attesting to the truth of the information she provided therein under penalty of perjury. According to the application, Plaintiff, who is 57 years old, has a monthly income of $2,000 from her pension, and her monthly expenses total $1,680; thus, her monthly income exceeds her monthly expenses by $320. She has $160 in a bank account. She states that she and her spouse are separated, but they continue to live in a home (valued at $130,000), which is in her spouse's name; she further states that they maintain separate finances. No person relies on her or her spouse for financial support.

The Court finds that paying the $405 filing fee would not impose an undue financial hardship on Plaintiff or deprive her of life's necessities and therefore concludes that her motion should be denied. *See Graham v. Sanchez*, No. 3:26-CV-1933-L-BW, 2026 WL 2542781, at *1 (N.D. Tex. July 16, 2026) (recommending denial of motion to proceed *in forma pauperis*, where the plaintiff's monthly income from retirement exceeded his monthly expenses by $154), *R & R adopted*, 2026 WL 2538925 (N.D. Tex. Aug. 27, 2026).

For the foregoing reasons, **IT IS RECOMMENDED** that:

1. Plaintiff Angelina Ornelas's Motion to Proceed *in Forma Pauperis* (ECF No. 1) be **DENIED**;
2. Plaintiff be given **fourteen (14)** days to pay the filing fee in full after the District Judge's order regarding this Report and Recommendation; and

---

[3] U.S. Dist. Ct. for W. Dist. of Texas, *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Nov. 21, 2025).

3. Should Plaintiff fail to timely pay the filing fee, this matter be dismissed without prejudice and without further notice.

**So ORDERED and SIGNED this 26th day of October 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**